**In re The NATIONAL SUGAR REFINING COMPANY, Debtor.**

**Reorganization No. 81 B 11756 (EJR).**

United States Bankruptcy Court, S.D. New York.

May 15, 1984.

Moses & Singer, New York City, for Bankers Trust Co.

Shaw, Goldman, Licitra, Levine & Weinberg, P.C., Garden City, N.Y., for interim trustee.

Weil, Gotshal & Manges, New York City, for Phillip Brs. Div. of Phibro Corp.

Cornelius Blackshear, New York City, U.S. Trustee.

Mudge, Rose, Guthrie, Alexander & Ferdon, New York City, for Philadelphia Gas Works.

## DECISION AND ORDER ON MOTION TO RESOLVE DISPUTE ON ELECTION OF TRUSTEE

EDWARD J. RYAN, Bankruptcy Judge.

On September 3, 1981 the National Sugar Refining Company (National) filed with this court a voluntary petition under Chapter 11 of the Bankruptcy Code. National was continued in possession of its property and in operation of its business pursuant to Section 1108 of the Code. Prior to the filing of the petition, National was in the business of refining and processing raw cane sugar and marketing various sugar products. During the course of the Chapter 11 proceeding all of the officers of National familiar with its affairs had resigned and moved to locations throughout the United States.

On September 23, 1983, this court entered an order converting National's Chapter 11 case to a case under Chapter 7. On September 26, 1983 the United States Trustee appointed Dorothy Eisenberg, Esq. as interim trustee.

On December 9, 1983, a meeting of creditors was held before the United States Trustee pursuant to Section 341(a) of the Bankruptcy Code. At the meeting certain creditors requested an election of a permanent trustee. There were two nominees, former Bankruptcy Judge Roy Babitt and William P. Cleaver, a retired executive from the sugar industry. Internecine warfare among the creditors of National ensued; almost each stage of the election process was subject to some objection.

On or about December 14, 1983 the United States Trustee filed with this court a report of election controversy pursuant to Bankruptcy Rule X–1006(c). A copy of this report is appended hereto in full.

On December 19, 1983, this court entered an order to show cause scheduling a pre-trial hearing to resolve the election controversy. At the pre-trial hearing this court set aside two days for trial to resolve the dispute. The trial was adjourned on consent of all parties as they attempted to resolve their differences. These efforts were successful, as creditors holding well over half of the unsecured debt agreed on a compromise candidate, Jeffrey Rich, Esq.

By notice of motion dated April 16, 1984, these creditors seek an order of this court resolving the dispute over the election of a trustee and directing the United States Trustee to conduct a second election of a trustee so that Mr. Rich might be "elected". A hearing was held before this court on April 27, 1984.

The parties, including the United States Trustee, agree in effect to bypass the Code and seek to have this court authorize the appointment of Mr. Rich as permanent trustee. It is urged that it would be a useless act for the United States Trustee to conduct a second election.

No useful purpose would be served by recounting at length the reasons why Congress adopted the mode of election of a trustee required to be followed. Among other things, Congress sought to eliminate the squabbling in the "election" of a trustee when often it was not "Who shall be the trustee?" but rather "Who shall be the trustee's attorney?". *See In re Ira Haupt & Co.*, 379 F.2d 884, 886 (2d Cir.1967); *In re Louis Elting*, 4 F.Supp. 732 (S.D.N.Y. 1933); H.Rep. 95–595 at 102–03, U.S.Code Cong. & Admin.News 1978, p. 5787.

In all these circumstances, the court reluctantly deems Mr. Rich elected trustee.

It is so ordered.

## REPORT OF ELECTION CONTROVERSIES

TO THE HONORABLE EDWARD J. RYAN, BANKRUPTCY JUDGE:

The United States Trustee for the Southern District of New York, pursuant to Bankruptcy Rules X–1006(c) reports and represents the following:

1. On September 3, 1981, a voluntary case was commenced by the filing of a petition under Chapter 11 by the above-captioned debtor. On September 23, 1983, this Court entered an order converting this case under Chapter 11 to a case under Chapter 7. On September 26, 1983, the United States Trustee appointed Dorothy D.T. Eisenberg, Esquire, an Interim Trustee (11 U.S.C. § 15701(a)), and a meeting of creditors, pursuant to 11 U.S.C. § 341(a) was noticed and scheduled for December 9, 1983. Victor D. Abrunzo, Jr., a member of the Office of the United States Trustee presided at the meeting, and Mr. Blackshear, the United States Trustee, was in attendance.

2. At the meeting of unsecured creditors, a request for an election of a permanent trustee (11 U.S.C. § 702) was made by Roberta R. Brackman, Esquire, the attorney for Philadelphia Gas Works, a creditor holding unsecured claim for $1,789,154.32. Following this request, further requests for an election were received from parties holding claims alleged to total $23,113,263.24. A list of the respective parties and their claims is attached as Exhibit "A". There were objections to some of the creditors' right to request an election for various reasons which will be addressed later.

3. Nominations were opened, and the following two parties were nominated, subject to objections to be detailed later.

   a. Judge Roy Babitt.

   b. William P. Cleaver of 430 East 56th Street, New York, N.Y.; a retired executive from the sugar industry. There were no other nominations and the voting was undertaken subject to objections.

The Total of Claims voted for each nominee are as follows:

| | |
|---|---|
| Judge Babitt | $17,805,947.19 |
| William Cleaver | $11,307,316.05 |

The individual votes are detailed in Exhibit "B".

4. On the results, Judge Babitt prevailed. However, almost each stage of the process was subject to some objection, and those objections will be summarized as follows:

## ON THE ISSUE OF THE 20% MINIMUM REQUEST FOR ELECTION

The Debtor has not filed any schedules subsequent to the conversion. In affidavit annexed to the original petition, the unsecured debt was determined at $38,880,-000.00. From an unverified computer print-out delivered to the Interim Trustee, the amount of non-priority unsecured debt is purported to be $24,937,782.89 as of November 29, 1983. While there was no appearance by Debtor, Counsel for Debtor alleged that the rejection of some executory contracts may raise the amount to as much as $40,000,000.00.

In any case, requests for an election by claims of $23,113,263.24 are more than sufficient subject to objections, and such objections extend to almost all claims, at least as to their validity for voting purposes. The United States Trustee will not delineate all of the various objections at this time but suggests that each objecting party submit their objection to the Court in writing.

It is noted that Banker's Trust Corp. by Burton Freeman, Esquire objected to any election process at this point.

## NOMINATIONS

Judge Roy Babitt was nominated by claimant Philadelphia Gas. He was also nominated by claimant Phillip Brothers. William P. Cleaver was nominated by the representative of Brazilian Sugar & Alcohol Institute, by Westway Trading Corporation and by Bankers Trust Company.

David Strumwasser, Esquire, counsel for the official creditors committee objected to each of the nominations of Mr. Cleaver for the reasons cited below:

1. Brazilian Sugar & Alcohol Institute.

Objections include the fact that the claim is listed as "disputed" in the unverified computer print-out of Debtor's Schedule A–3 claims, and further that Albert S. Nemir, Esquire, has no power of attorney authorizing voting on behalf of the Institute incorporated in the Proof of Claim, and therefore not eligible to vote.

2. Westway Trading Corporation.

Objection based upon the fact that this claim is subject to set-off and therefore not eligible to vote.

3. Bankers Trust Corporation.

An Objection in writing to claim was filed by Mr. Strumwasser. Such objection was joined in and adopted by the representatives of Lonray, Inc., Philadelphia Gas, and the Sugar Refinery Workers Union, Local No. 1648 on behalf of employees.

It should be noted that some objections based on the allegations that claims are "disputed" or "subject to set-off"; those objections are predicated on A–3 schedules supplied by an employee of the Debtor to the Interim Trustee. The schedules are unverified, and no officer or director was available for authentication.

## THE ELECTION

Nominations were closed and the voting process was undertaken, with the result shown in the Election Report attached on Exhibit "B". There was a request by Sherri Venokur, Esquire, counsel for Westway Trading Corp., that two separate elections be held in order to preclude the possibility of having to call another election if the nomination issue could not be resolved. The United States Trustee, Mr. Blackshear, decided that only one vote would be held, and notified the parties accordingly.

Mr. Freeman, representing Bankers Trust Co., objected to votes by Lonray, Inc., and Phillips Brothers Division of Phibro Corp. on the basis that the claimants hold interests materially adverse to the estate.

Mr. Strumwasser objected to the votes Westway Trading Corp., the Brazilian Sug-

ar and Alcohol Institute ("I.A.A.") and Bankers Trust Company on grounds set forth in objecting to nominations by those claimants. Philadelphia Gas Works joined and adopted those objections. Phillips Brothers reserved the right to object subject to a review of the claims.

The Interim Trustee indicated that she would be forwarding to the Court a copy of a list of possible preferential payments developed by the counsel to the creditors committee, since the list might be of value in making a determination on objections.

Richard Stern, Esquire, for Bankers Trust Company reserved the right to file objections to claims. Ms. Venokur requested the same reservation of right to object after a review of claims.

## CLAIMS

The Claim of the Brazilian Sugar & Alcohol Institute (Instituto Do Asucar E Do Alcool, "IAA"), is not accompanied by any power of attorney authorizing voting by Albert S. Nemir, Esquire, on behalf of the Institute. A copy is attached as Exhibit "C".

The Claim asserted by Martin L. Burns, as President of Sugar Refinery Workers Local No. 1648 (The "Union") was alleged at the meeting to be in the amount of $2,749,790.21. This figure was obtained by subtracting $2,000.00 from each of 351 claims by employees to eliminate the priority portion. By letter dated December 12, 1983, counsel for the "Union" corrected that amount to $2,685,184.93. Counsel also supplied copies of the individual proofs of claim with annexed power of attorney for each. The "Unions" statement pursuant to Bankruptcy Rule 2006 presents a problem in that employees were orally solicited for their claims, so that no written solicitation has been tendered as required by the rule. It should also be noted that the total claim is under-reported by counsel, since a number of employees had claims of less than $2,000.00, it appears from a review of the individual claims that the net non-priority claim should be $2,709,840.47.

## ADJOURNMENT OF THE MEETING

Following the election process, it was indicated to the parties in attendance that the Interim Trustee, Dorothy Eisenberg, Esquire, would remain in office subject to resolution of the election dispute. Since there was no debtor appearance at the meeting other than by counsel, David Zimmerman, the § 341(a) meeting was adjourned to January 27, 1984 at 12:00 noon, in Room 230 of the Federal Building.

## SUPPORTING DOCUMENTS

Documents were supplied to the United States Trustee which are too extensive to be annexed to this report. They are listed below for informational purpose, and will be submitted to the Court prior to any noticed hearing.

1. Creditor Schedules (A1 thru A3), a computer print-out prepared by an employee of the Debtor and presented to the Interim Trustee. They are unverified however, and are assumed to relate to a period of time subsequent to conversion.

2. Proof of Claim of the Brazilian Sugar & Alcohol Institute, with annexed portions of a representation contract with Albert S. Nemir, Esquire.

3. Affidavit of Adrian J. De Young in support of unsecured claim of Bankers Trust Company.

4. Objection of the official Committee of Unsecured Creditors to the Claim of Bankers Trust Company.

5. Rule 2006 Affidavit of the Sugar Refinery Workers Union, Local No. 1486 supported by the individual employee claim/power of attorney forms.

6. Letter of Paul A. Douglas, Esquire, for the Sugar Refinery Workers Local No. 1486 making amendments/corrections to the claims asserted in # 5 above.

RECOMMENDATION OF THE UNITED STATES TRUSTEE REGARDING TIME TO MOVE FOR HEARING

Bankruptcy Rule 2003(d) allows parties 10 days after the date of the creditors meeting to make a motion for resolution of an election dispute. Given the number and complexity of objections, and the problems in finding an acceptable basis for determining the amount of claims as specified under 11 U.S.C. § 702(a)(1); it is recommended that the ten (10) day period begin to run as of the date that this report is filed with the Court and mailed to parties requesting a copy of said report.

Dated: New York, New York

December [15], 1983

Respectfully submitted,
CORNELIUS BLACKSHEAR
UNITED STATES TRUSTEE

/s/   Victor D. Abrunzo, Jr.
VICTOR D. ABRUNZO, JR.
Bankruptcy Analyst

EXHIBIT A
CLAIMS EXERCISED TO REQUEST AN ELECTION

| | |
|---|---|
| Philadelphia Gas Works | $ 1,789,154.32 |
| Phillip Brothers, a division of Phibro Corp. | 10,801,699.88 |
| Lonray, Inc. | 2,144,332.69 |
| Philadelphia Electric Co. | 320,970.09 |
| Brazilian Sugar & Alcohol Inst. | 3,615,746.49 |
| Westway Trading Corp. | 1,691,569.56 |
| Sugar Refinery Workers Union | 2,749,790.21 |
| Total | $23,113,263.24 |

EXHIBIT B
CHAPTER 7 TRUSTEE ELECTION REPORT

| Voter | Amount of Claims | | Candidate |
|---|---|---|---|
| C. Czarnikow, Inc. | Approx. | $ 250,000.00 | Not Voting |
| Phillip Bros., Div. of Phibro Corp. | | 10,801,699.88 | Roy Babitt |
| Burlingham, Underwood & Lord | | 8,080.79 | Abstain |
| Duncan, Minton & Reading | | 9,000.00 | Abstain |
| Westway Trading Corp. | | 1,691,569.56 | Wm. P. Cleaver |
| Brazilian Sugar & Alcohol Inst. | | 3,615,746.49 | Wm. P. Cleaver |
| Bankers Trust Corp. | | 6,000,000.00 | Wm. P. Cleaver |
| Philadelphia Gas Works | | 1,789,154.32 | Roy Babitt |
| Philadelphia Electric Co. | | 320,970.09 | Roy Babitt |
| Lonray, Inc. | | 2,144,332.69 | Roy Babitt |
| Sugar Refinery Workers Union Local #1648 | | 2,749,790.21* | Roy Babitt |
| Total Claims | | $29,395,344.03 | |

| | |
|---|---|
| Babitt | $17,805,947.19 |
| Cleaver | $11,307,316.05 |